BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT, IL SBN 6191786
Acting Regional Chief Counsel, Region IX
Social Security Administration
DAVID LERCH, CSBN 229411
Special Assistant United States Attorney
   333 Market Street, Suite 1500
   San Francisco, California 94105
   Telephone: (415) 977-8936
   Facsimile: (415) 744-0134
   E-Mail: David.Lerch@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DONALD M. BURTON, | CASE NO. 2:10-cv-1279-DAD |
| Plaintiff, | **STIPULATION AND PROPOSED ORDER SETTLING ATTORNEY'S FEES** |
| vs. | **PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

  IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of SIX THOUSAND DOLLARS AND NO CENTS ($6,000). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

  After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's

1  Offset Program.  After the order for EAJA fees is entered, the government will determine
2  whether they are subject to any offset.
3      Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines
4  that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to
5  be made directly to Ana Molleda, pursuant to the assignment executed by Plaintiff.  Any
6  payments made shall be delivered to Plaintiff's counsel.
7      This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA
8  attorney fees, expenses and costs, and does not constitute an admission of liability on the part of
9  Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release
10 from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to
11 EAJA attorney fees and expenses and costs in connection with this action.
12     This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security
13 Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: June 22, 2012        */s/ Ana L. Molleda*
                            Ana L. Molleda,
                            Attorney for Plaintiff
                            [as authorized by email]

Dated: June 25, 2012        BENJAMIN B. WAGNER
                            United States Attorney
                            DONNA L. CALVERT
                            Acting Regional Chief Counsel, Region IX
                            Social Security Administration

                        By:  */s/ David Lerch*
                            DAVID LERCH
                            Special Assistant U.S. Attorney

                            Attorneys for Defendant

**ORDER**

APPROVED AND SO ORDERED:

DATED: June 26, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.soc sec\burton1279.stiporder.attyfees.eaja.wpd

3

Stipulation and Proposed Order Settling Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412(d)